THE STATE v. McCORMICK.

**School district:** DISORGANIZATION OF DISTRICT. The removal of an old school-house to make place for a new one, which is built on the site, is not such a removal as is contemplated by section 78, chapter 172, Laws of 1862, and does not operate to disorganize a district composed of territory in different civil townships, and restore it to the respective jurisdictions of the same.

*Appeal from Lucas District Court.*

FRIDAY, SEPTEMBER 19.

THIS is an action of mandamus instituted by the district attorney to compel the defendant, who is auditor of Lucas county, to file and record the plats or maps furnished him by the officers of the school district township of Benton, in said county, and in making out the tax list to enter the land described in said plat in the tax list as belonging to and included in the proper sub-district of said district township. Upon a trial judgment was entered against plaintiff for costs; the facts necessary for an understanding of the points ruled appear in the opinion. Plaintiff appeals.

*Stuart & Bartholomew* for the appellant.

*Perry & Townsend* for the appellee.

BECK, Ch. J. — Prior to March 12, 1858, the Independent school district No. 1, of Benton township, included within its limits certain sections and fractions of sections of the adjacent civil township of Chariton, and had erected near the center of its territory a comfortable school-house, which was located within 80 rods of the line dividing these townships, and that house, or a new one built to take its place upon the same site, has since been used for school purposes. The school officers of the district township of Benton have each year filed

with the proper county officers correct plats of the lands therein and of those in the different sub-districts. The auditor of the county, the defendant herein, has, since 1868, refused to file and record the maps but has treated other maps showing all the lands in Chariton township (except a small part thereof) to be in that district township and has refused to enter the same upon the list of lands taxable for the district township of Benton, but has entered them in the tax list as lands of the district township of Chariton. In addition to these facts it was shown upon the trial that when the new school-house was built in 1869 or 1870, the old one was sold and removed to be used for other purposes. Thereupon the court refused to receive other evidence and rendered judgment for defendant, holding that upon the erection of the new house and removal of the old one the boundary line of the civil townships became the boundary of the district township of Benton, and its jurisdiction no longer extended over the lands situated in Chariton township.

We are required to determine whether the erection of a new school-house upon the site of the old one, which was removed, deprives the district township of authority over territory not within the limits of the civil township, but which, while the old house was standing, was within the jurisdiction of the school district. The question requires the construction of section 78, chapter 172, acts of Ninth General Assembly, which is as follows:

" In all cases where a school district as constituted at the time of the taking effect of an act entitled ' An act for the public instruction of the State of Iowa,' approved March 12, 1858, formed of a part of two or more civil townships in the same or adjoining counties, had a school-house erected, which said house had not been destroyed, removed, or abandoned, said district as at that time constituted shall be and remain a sub-district in, and form a part of the district township in which such school-house is situated for voting, taxation, enumeration of children, distribution of money, and all other school purposes, as fully as though said

district were all included within the township in which the school-house is situated. And the boundaries of such sub-districts shall not be changed, except with the concurrence of the boards of directors of the townships interested. *Provided*, that upon the written application of two-thirds of the electors residing upon the territory within the township in which the school-house is not situated to the respective boards of directors, or when said school-house has been removed, or said territory is uninhabited, it shall remain under the jurisdiction of and form a part of the district township to which it geographically belongs, and any tax which has been levied upon said territory for the construction of a school-house at any other site than the one originally occupied, shall be refunded to the district township to which said territory reverts, for the construction of a school-house in the sub-district in which said territory may subsequently be included; and the respective boards of directors shall, in either case, divide their districts in accordance with the provisions of this section.' "

The part of this section requiring our attention is the proviso, which declares that in certain cases, among others when the school-house, erected and used by a district covering territory situate in two or more civil townships, has been removed, the same shall be under the jurisdiction of the district township to which it geographically belongs.

In our opinion the language and spirit of this act do not operate to disorganize a district composed of territory in different civil townships and restore it to the jurisdiction of the respective district townships, when an old house is removed to make a place for a new one demanded by the wants of the school. Certainly the intention of the legislature was that upon the district ceasing to use the site for school purposes and removing the house so that a school could be no longer kept at the place, the district as organized should be dissolved and the territory fall within the jurisdiction of the township to which it would, in that case, properly belong. The removal in this manner would indicate an intention on the part of the people and the school authorities of the district to abandon

the house and the site whereon it is built for school purposes and to either select a new one or cease the support of a school altogether. In either case the provision contemplates that the territory of the old district shall be attached to the school districts of the civil townships wherein it is situated. The building of a new house indicates no such intention, but, on the contrary, manifests a design to maintain the old organization.

The language of the provision must be understood, when speaking of the removal of the school-house, not to refer to the superseding of an old house by a new one, but rather that the school-house, a building used for schools, is no longer maintained at the place where it was established and by law required to be kept. The point demands no further consideration.

II. The defendant insists that the State is not a proper party to prosecute this action, as "the public interest is not concerned" therein. Rev., § 3761. But as this point was not passed upon by the court below, it cannot be considered on this appeal. We express no opinion upon the merits of the question, leaving the parties to pursue the course they may deem proper in regard thereto, when the cause shall be again in the district court.

The judgment of the district court is reversed and the cause remanded for further proceeding not inconsistent with this opinion.

Reversed.